### RUBENSTEIN v. HUDSON.

(Supreme Court, Appellate Term. February 23, 1904.)

1. **LANDLORD AND TENANT—DEFECTIVE PREMISES—LIABILITY OF LANDLORD— NOTICE OF DEFECT—EVIDENCE.**

In an action by a tenant against her landlord to recover damages to furniture and wearing apparel, occasioned by an overflow of water, evidence *held* to show that defendant's superintendent had notice of a previous overflow of water at the spot where the subsequent overflow causing the damage occurred, within ample time to have repaired the same.

2. **SAME—FAILURE TO REPAIR.**

Where a landlord, after notice, fails to remedy a defect in a part of the demised premises which remains under his control, he is liable for injuries sustained by the tenant in consequence of his negligence in this respect.

3. **SAME—NEGLIGENCE OF TENANT—EVIDENCE.**

Where a tenant did not know that water was coming into her apartment, until, on going into her wardrobe, she observed a few drops, and thereupon the water came down in a volume, and she immediately took all articles of wearing apparel from the wardrobe and put them into another room, but they were ruined before removal, she was not guilty of negligence precluding her from recovering damages from the landlord.

4. **SAME—DAMAGES—ACCIDENT—EVIDENCE.**

In an action by a tenant against her landlord for damages caused by an overflow of water in her apartment, where her evidence showed that the cost of the various articles of apparel ruined and the amount paid to repair the furniture amounted to $165, and defendant offered no proof on the subject, an award of $115 was warranted.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Sadie Rubenstein against John H. Hudson, as sole acting trustee under the will of Stephen Philbin, deceased. From a judgment of the Municipal Court for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

John Vincent, for appellant.
Raphael Link, for respondent.

GIEGERICH, J. The action is for the recovery of damages to plaintiff's household furniture and wearing apparel through an over-

¶ 2. See Landlord and Tenant, vol. 32, Cent. Dig. § 660.

flow of water into the flat on the ground floor, west side, of the house and premises known as No. 114 West Sixty-First street, in the borough of Manhattan, New York City, while occupied by the plaintiff, as a tenant of the defendant, on June 5, 1903. The pleadings were in writing, and the answer of the defendant, after admitting ownership and the occupancy of the plaintiff as a tenant, denies the other allegations of the complaint. It appeared in evidence that the overflow was caused by a hole in a water pipe, which was imbedded between the ceiling of plaintiff's apartment and the floor of the apartment immediately overhead, and extended through the building, and supplied water to all other tenants therein, and that such pipe was under the control of the defendant. The plaintiff testified that when she discovered that water was flowing into her apartment she complained to the defendant's superintendent, "who made little or no answer"; that within half an hour the water came down again, and she again notified the superintendent, upon whom, she further testified, she called three or four times, and that about the fourth time he said he would go upstairs, and notify the tenants not to use the faucets. The superintendent, on the other hand, gave testimony to the effect that when the plaintiff informed him of the overflow he immediately notified the tenants not to use the wash basins in their apartments, and sent for the plumber, who came the next day, and repaired the pipe. When the plumber reached the building, the flow of water had ceased, but, after taking away some of the plaster of the ceiling overhead where the wardrobe stood, he discovered a hole in the pipe. He further testified as follows: "Q. Was there any sign of the leak other than the discoloration of the plaster? A. That is all I could see. From the hole in the plaster I could see the pipe through that, so I had to take away the plaster all round to make it light all the way around." The plaintiff and her mother testified that a week or two previously to the overflow they each, and on separate occasions, notified the defendant's superintendent that water was coming down into the plaintiff's apartment from the very spot in the ceiling, over the wardrobe, where the hole in the pipe was subsequently discovered, and that, although he caused the ceiling to be repaired, it soon got into bad condition from water coming down at the same spot. The superintendent denied that any notification was given to him prior to the accident of any previous overflow, and testified that a month before "the place" over the wardrobe "had all been cleaned up," and that "there was no sign of any leak or any spots in the ceiling at that time."

The defendant contends that the weight of evidence is in his favor upon the proposition whether or not a previous notice was given to his superintendent of the defect in the pipe that caused the overflow, but a careful reading of the record satisfies us that is not so, but that, on the contrary, the plaintiff has established by a preponderance of the evidence that the defendant's superintendent had notice of a previous overflow of water at the very spot where the subsequent overflow causing the damage complained of occurred, and that the notice so given afforded the defendant ample time in which to discover and repair the hole in the pipe which caused the last overflow in question. This brings the case within the rule of liability enunciated in Levine v.

Baldwin, 87 App. Div. 150, 84 N. Y. Supp. 92, that where a landlord, after notice, fails to remedy defects in parts of the demised premises which remain under his control, he is liable for injuries sustained by the tenant in consequence of his negligence in this respect.

The defendant contends that the plaintiff's own negligence was the cause of all damage, if any, sustained by her, because, as claimed, she herself had failed to exercise that degree of care which was incumbent upon her to protect her property from unnecessary injury. The proof, however, shows that when the last overflow occurred the plaintiff did not know water was coming into her apartment until she went to the wardrobe for some clothing, and upon taking out one of the hat boxes she observed a few drops of water upon it, and just as she made such discovery "the water came from above as if you had turned a hydrant on in the street, and dirty water came down with it," and that she then took all articles of wearing apparel from the wardrobe and put them into another room, but before removing them they were already ruined.

The defendant furthermore urges that the damages which were awarded are excessive, but this contention is not borne out by the evidence. The plaintiff gave testimony as to the condition and cost of the various articles of wearing apparel claimed to have been ruined by the overflow, as well as the amount paid to repair the furniture damaged thereby. The cost of the former and the amount expended to repair the latter amounted altogether to the sum of $165. The defendant did not offer any proof upon this subject, and we think the award of $115 is warranted by the evidence. We think the judgment was right, and should be affirmed, with costs.

Judgment affirmed, with costs. All concur.